**IT IS ORDERED**

**Date Entered on Docket: February 27, 2019**

_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**



_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: CREATIVE FOODS, LLC,  
a New Mexico Limited Liability Company,  
EIN 82-2206770  
    Debtor.

Case No. 18-12823-t11

### STIPULATED ORDER MODIFYING AUTOMATIC STAY AND COMPELLING ABANDONMENT OF PROPERTY

THIS MATTER came before the Court upon the Motion for Relief From Automatic Stay and for Abandonment of Property (the "Motion") filed on December 11, 2018 as Doc. No. 21 by Creditors Floresta Properties #3, LLC, Floresta Properties #4, LLC, and Floresta Properties #5, LLC (together, the "Creditors"), the Response to Motion for Relief From Stay filed on January 2, 2019 as Doc. No. 33 by Creative Foods, LLC (the "Debtor"), and the agreement of the Creditors and the Debtor as stipulated herein, and on the record at the hearing before this Court on February 26, 2019. The Court, having reviewed the record, and being otherwise sufficiently informed, FINDS:

a. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 506. This is a core proceeding under 28 U.S.C. §157(b)(2).

b. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. § 1409.

c. Creative Foods, LLC (the "Debtor") filed a petition under Chapter 11 of the Bankruptcy Code on November 11, 2018 (the "Petition Date").

d. The Motion was filed on December 11, 2018. A copy of the Motion was served by First Class U.S. Mail, Postage Prepaid, on the Debtor at the address contained on the Certificate of Service to the Motion, and via the Court's CM/ECF notification facilities to those parties who are registered CM/ECF participants in this case.

e. The Motion relates to the leased premises located at 14010 U.S. Highway 183 North, Austin, Williamson County, Texas (the "Premises").

f. On December 12, 2018, Creditors served notice of the Motion (the "Notice") by mail or by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, on the Debtor at the address contained on the Certificate of Service of the Notice, and on parties entitled to notice pursuant to Rule 4001(a), specifying an objection deadline of 21 days from the date of service, to which three days was added under Bankruptcy Rule 9006(f) for parties receiving service by mail.

g. The Notice was sufficient in form and content.

h. The objection deadline expired.

i. The only response or objection to the Motion, filed timely or otherwise, was the Response.

j. On February 15, 2019, the Creditors filed a proof of claim in this case asserting, *inter alia,* a priority administrative expense claim in the amount of $53,954.78.

k. The Creditors and Debtor have agreed and stipulated to the terms of this Order.

l. The Motion is well taken and should be granted as provided herein.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

1. The Motion is granted as provided herein.

2. Creditors are hereby granted relief from the automatic stay pursuant to 11 U.S.C. §362(d).

3. The Debtor is deemed to have abandoned the Premises, all fixtures, and all personal property on the Premises pursuant to 11 U.S.C. §554 as of 6:00 p.m.[1] on February 28, 2019, and the Premises, fixtures, and personal property on the Premises are therefore no longer property of the estate. Debtor agrees not to remove any fixtures or personal property from the Premises other than liquor or perishable goods.

4. On February 28, 2019, by the close of business of Texas Alcoholic Beverage Commission (the "TABC"), the Debtor will deliver to the TABC permit number MB1013663 (the "Permit") for voluntary cancellation and/or voluntary suspension. Debtor will provide to Creditors on February 28, 2019 a copy of the Permit date-stamped as received by TABC on that date, and noted by TABC that the Permit has been submitted for cancellation or suspension.

5. Any liquor or perishable goods remaining on the Premises after 6:00 p.m. on February 28, 2019 are deemed abandoned, and the Creditors are permitted to dispose of such liquor or perishable goods as is permitted under applicable non-bankruptcy law.

6. The Creditors are hereby allowed a priority administrative expense claim in this case in the agreed, reduced amount of $30,000.00. If the Debtor fails to comply with the terms of

---

[1] All references to time of day in this Order shall be to Central Standard Time.

paragraphs 3, 4, and 5 of this Order, the Creditors shall have a priority administrative expense claim in the full amount claimed by Creditors.

7. If Debtor does not comply with the terms of this Order, Creditors may exercise all rights and remedies under applicable non-bankruptcy law.

8. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

9. This order is effective and enforceable upon entry. The 14-day stay under Fed.R.Bankr.P. 4001(a)(3) is waived.

###END OF ORDER###

Submitted by:

WALKER & ASSOCIATES, P.C.
/s/ submitted electronically 02/26/2019
Thomas D. Walker
500 Marquette Ave NW, Suite 650
Albuquerque, NM 87102
Telephone: (505) 766-9272
Facsimile: (505) 766-9287
e-mail: twalker@walkerlawpc.com
*Attorneys for Creditors*


AGREED:

 _/s/_ _____
Don F. Harris
Dennis A. Banning
New Mexico Financial & Family Law
320 Gold Ave, SW Suite 1401
Albuquerque, NM 87102
Phone: (505) 503-1637
Email: dab@nmfinanciallaw.com
*Attorneys for Debtor*